UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY JACKSON,
Petitioner,
v.
LLOYD RAPELJE,
Respondent.
_______________________________/

Case No. 10-14130
Honorable Patrick J. Duggan

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On September 30, 2010, Barry Jackson ("Petitioner"), at that time a state prisoner incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenged his conviction for bank robbery, in violation of Michigan Compiled Laws § 750.531A. On April 13, 2011, Lloyd Rapelje ("Respondent") moved to dismiss the petition for failure to exhaust state remedies. Petitioner did not respond to the motion. For the reasons stated below, the Court grants Respondent's motion and declines to issue Petitioner a certificate of appealability.

## I. Procedural Background

Petitioner was convicted of bank robbery and sentenced in Wayne County Circuit Court. He filed an application for delayed leave to appeal in the Michigan Court of Appeals, arguing that insufficient evidence supported his conviction. This application was denied for lack of merit. *People v. Jackson*, No. 287496 (Mich. Ct. App. Jan. 6, 2009). Petitioner did not appeal to the Michigan Supreme Court.

Petitioner returned to the trial court and filed a motion to file a claim of appeal based upon allegations that the trial court's appointment of counsel was untimely. The trial court granted the motion and a claim of appeal was subsequently filed, raising the same sufficiency of the evidence claim raised in the application for leave to appeal. The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Jackson*, No. 290475, 2010 WL 673368 (Mich. Ct. App. Feb. 25, 2010). Petitioner also filed a motion to remand for an evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922 (Mich. 1973). The Court of Appeals denied the motion for remand. *People v. Jackson*, No. 290475 (Mich. Ct. App. Feb. 25, 2010).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising claims of insufficient evidence, ineffective assistance of counsel, and prosecutorial misconduct. The Michigan Supreme Court denied leave to appeal. *People v. Jackson*, 487 Mich. 857, 784 N.W.2d 810 (Mich. 2010).

Petitioner filed a petition for a writ of habeas corpus in this Court. He raises the same claims raised in his application for leave to appeal to the Michigan Supreme Court. Respondent has filed a motion to dismiss, arguing that two of the claims raised in the petition are unexhausted.

## II. Discussion

Respondent argues that the petition should be dismissed because Petitioner's second and third claims are unexhausted. A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). "Ordinarily, the state courts

must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845, 119 S. Ct. at 1732 (internal quotation omitted). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner's second and third claims were presented for the first time in his application for leave to appeal to the Michigan Supreme Court. A petitioner has failed to "fairly present" an issue where it is raised for the first time when review is discretionary. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989). An issue is not fairly presented when it is raised for the first time to the Michigan Supreme Court and that court declines to exercise its right to discretionary review. *Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006).

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus; that is, one containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199 (1982). A district court has discretion, however, to stay a mixed habeas petition to allow the petitioner to present his unexhausted claims to the state courts and then return to federal court on his perfected petition. *Rhines*

*v. Weber*, 544 U.S. 269, 275-76, 125 S. Ct. 1528, 1534 (2005). This procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern. *Id.* at 277, 125 S. Ct. at 1535. Furthermore, the petitioner must demonstrate "good cause" for the failure to exhaust state court remedies before proceeding in federal court, and the district court cannot stay a claim that is "plainly meritless." *Id.* at 277, 125 S. Ct. at 1535.

Petitioner must exhaust his remedies in the Michigan courts before proceeding in federal court. He may file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 and pursue his unexhausted claims in the state appellate courts as necessary. The one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), is not at risk of expiring. The limitations period does not begin to run until ninety days after the entry of judgment in the state court of last resort. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000); *see* Sup. Ct. R. 13. In this case, the Michigan Supreme Court issued its order denying leave to appeal on July 26, 2010. Petitioner filed his habeas petition on September 30, 2010. While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 2129 (2001), such time may be equitably tolled by the Court so long as Petitioner diligently pursues his rights in state court. *Holland v. Florida*, --- U.S. ----, 130 S. Ct. 2549, 2562 (2010) (holding that "§ 2244(d) is subject to equitable tolling"). The one-year period is also tolled during the time in which any properly filed state post-conviction or collateral actions are pending. 28 U.S.C. § 2244(d)(2). A stay is therefore unnecessary.

Petitioner has also not shown good cause for failing to exhaust his claims in the state courts before proceeding in federal court on habeas review. At least one of Petitioner's unexhausted claims appears to concern matters of federal law which may warrant further review. His unexhausted claims should therefore be addressed to, and considered by, the state courts in the first instance.[1]

**III. Certificate of Appealability**

Federal Rule of Appellate Procedure 22(b) provides that in a habeas action, an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473,

---

[1] The Michigan Department of Corrections Offender Tracking Information System indicates that Petitioner was released on conditional parole on December 7, 2010. Petitioner is therefore no longer in the custody of the sole Respondent in this case, Saginaw Correctional Facility Warden Lloyd Rapelje. "A district court shall direct a writ of habeas corpus 'to the person having custody of the person detained.'" *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003) (quoting 28 U.S.C. § 2243). A paroled petitioner's custodian is the parole board or its equivalent. *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). Thus, if Petitioner files a second habeas petition after exhausting his state court remedies, he should include the members of the Michigan Parole Board as respondents.

484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted). The Court concludes that reasonable jurists would not debate the Court's determination that the petition should be dismissed without prejudice. The Court therefore declines to issue a certificate of appealability.

**IV. Conclusion**

For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies. Accordingly,

**IT IS ORDERED** that Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

Date: June 20, 2011

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Barry Jackson, #189493
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623

Laura Moody, A.A.G.